THIBODEAUX, Judge.
Plaintiff, Elizabeth Jeffery Huían, appeals a bench trial judgment of no negligence in favor of defendants, Patricia Martinez and State Farm Mutual Automobile Insurance Company. For the following reasons, we affirm.

ISSUE

Whether the trial court properly found no negligence on the part of Martinez.

FACTS

On the morning of August 18, 1991, Huían, a pedestrian, was attempting to cross the westbound lanes of Johnston Street in Lafayette, Louisiana when she was struck by a vehicle driven by Martinez.
Earlier, Huían had left her apartment and crossed Johnston Street to go to a drugstore to buy supplies for a barbecue she was planning for later that day. Johnston Street has four lanes with a middle turning lane and is a major thoroughfare in Lafayette. The area where she crossed had no pedestrian crosswalk. The weather was clear but it was Sunday morning and numerous churches in the area had just completed worship services, so traffic was heavy.
On her return from the store, Huían had managed to cross the two eastbound lanes to the middle turning lane without incident. While stopped in the turn lane, she checked for oncoming traffic and, believing it was safe, attempted to cross the westbound lanes. As she entered the right westbound lane, the front left fender of Martinez’s vehicle struck her and threw her into the windshield.
Huían fractured her clavicle and injured her shoulder. It was necessary for her to undergo surgery and additional surgery may be necessary. She filed suit against Martinez and her insurer, State Farm, alleging Martinez was negligent in swerving the wrong way to avoid the accident, for driving without her glasses and for failing to sound her horn when she noticed Huían attempting to cross the street.
Trial was held on March 16, 1993. The trial court heard all of the testimony and took the matter under advisement. He issued Reasons for Judgment on April 7,1993, *642 finding that Martínez was not negligent in any fashion and that the sole cause of Hu-lan’s injuries was her own negligence. Judgment was signed reflecting his findings. From that judgment, this appeal was taken.

LAW & ANALYSIS

A pedestrian owes a duty to avoid suddenly leaving a place of safety to enter into the path of an oncoming vehicle so close that the driver cannot yield. La.R.S. 32:212(B). Pedestrians must yield to traffic when attempting to cross a roadway at a point where there is no marked crosswalk. La.R.S. 32:213(A). However, drivers must exercise due care to avoid collisions with pedestrians. They are required to sound their horns when necessary and to give special attention to children or persons appearing confused or incapacitated upon the highway. La.R.S. 32:214.
Huían contends that Martinez failed to exercise due care. The specifically alleged acts of negligence are: (1) Martinez’s failure to wear glasses while driving as required by the restriction on her driver’s license; (2) her failure to sound her horn to alert Huían to her approach; and, (3) her failure to take proper evasive action. In support, Huían cites numerous cases wherein the driver is held to a higher standard of care than a pedestrian in collisions between the two. She argues that the trial court incorrectly found no fault in Martinez.
The trial judge closely examined the relevant disputed facts. He clearly articulated well thought-out reasons for believing or discounting each important point of evidence.
He specifically found the fact that Martinez did not have on her glasses was not a cause of the accident. He believed her testimony that her glasses were only for reading and concluded that she had no problem seeing Huían on the day of the accident.
Furthermore, he found that Martinez owed no duty to sound her horn because Huían was aware of the approaching traffic. He cited the testimony of witnesses present at the accident scene who stated that Huían was clearly looking in the direction of the approaching vehicles immediately before she attempted to cross. He also referred to Hulan’s own testimony which indicated she saw the approaching cars and believed she had time enough to cross. He concluded that there was no need for Martinez to alert Huían to her approach.
Finally, he found that the evasive action taken by Martinez was not negligent. Huían contended that had Martinez swerved to the left the accident may have been avoided. Martinez testified that she had been in the left westbound lane when Huían stepped out. The trial judge determined, instead, that Martinez was so traumatized by the accident that she incorrectly recalled which lane she was in. His determination was based on the testimony of the other witnesses present at the scene, two of which were traveling in their cars in close proximity to Martinez when the accident occurred. He then concluded that had Martinez swerved to the left, as Huían suggested she should have done, the accident would have been more severe and perhaps fatal as Huían would have been struck head on. From the foregoing findings, he concluded that Martinez exercised the requisite care and could not have avoided the accident.
We are bound to follow the factual findings of the trial court where there is no manifest error. If, after a complete review of the record, we determine that the trial court’s conclusions were reasonable, we must affirm. Stobart v. State, through Department of Transportation and Development, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989).
The record clearly supports the factual findings of the trial court. The trial court had the luxury of credible eyewitnesses who were extremely helpful in reconstructing an image of the events as they occurred that Sunday morning. Considering this evidence, the trial court’s findings were reasonable.
This gives rise to the question of whether the facts, as found by the trial court, exculpated Martinez from any negligence. Under a duty-risk analysis, the first question is whether Martinez owes any duty to Huían. Roberts v. Benoit, 605 So.2d 1032 (La.1991). We have already established that under La. R.S. 32:214, any driver owes a duty of due *643 care to pedestrians. The next question is whether Martinez breached her duty to Hu-ían. We, as did the trial court, hold she did not.
The facts reveal that Martinez practiced the utmost care in approaching Huían. While we require drivers to be wary, we do not require them to be omniscient. It would be unreasonable to hold Martinez liable when she had no way of anticipating the negligence of Huían who misjudged the distance and speed of the approaching vehicle and stepped suddenly into her path.

CONCLUSION

For the foregoing reasons, we affirm the judgment in favor of Patricia Martinez and State Farm Mutual Automobile Insurance Company. Elizabeth Jeffery Huían is cast with costs of this appeal.
AFFIRMED.